# IN THE CIRCUIT COURT OF TENNESSEE FOR THE
# THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

**KADARIUS BUSH,**

    **Plaintiff,**

VS.                                                **No. CT – _____ -21**
                                                          **Division: _____**

**ALEXANDER RODRIQUEZ**
**and AJ TRANSPORTATION, LLC,**           **JURY DEMANDED**

    **Defendants.**

# C O M P L A I N T

**TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY:**

Comes now the Plaintiff, Kadarius Bush, a resident citizen of Memphis, Shelby County, Tennessee, and sues the Defendant, Alexander Rodriquez and AJ Transportation, LLC, for the sum of FIVE HUNDRED FIFTY THOUSAND DOLLARS ($550,000.00) damages, actual and compensatory, and for cause of action alleges:

    **1.** Plaintiff, Kadarius Bush, resides Shelby County, Memphis, Tennessee 38002.

    **2**. Defendants, Alexander Rodriquez resides at 4141 W. Glendale Avenue. Apt 3021, Phoenix, AZ 85051. and AJ Transportation, LLC, agent for service of Process: Alexander Rodriquez resides at 4141 W. Glendale Avenue. Apt 3021, Phoenix, AZ 85051.

These Defendant may be served through the Secretary of State for the State of Tennessee under the Long Arm Statute T.C.A. 20-2-203 et seq. The Defendant being non-resident of the State of Tennessee.

**3.** This is a lawsuit being brought by Plaintiff for personal injuries sustained by Plaintiff, Kadarius Bush, as a result of an automobile accident with Defendant, Alexander Rodriquez, which occurred in Shelby County, Tennessee on/or about August 19, 2020 at or near the intersection of E. Raines Road and Quest Way.

**4.** Plaintiff sues for property damage, loss of use, personal injuries, pain and suffering, loss of income and earning capacity, loss of enjoyment of life, prejudgment interest and medical expenses.

**5.** Plaintiff alleges that on or about August 19, 2020, he was operating a 2008 Dodge Challenger, traveling westbound on E. Raines Road driving straight when a 2008 Kenworth TT being operated by the Defendant, Alexander Rodriquez attempted a left turn onto Quest Way, as he attempted his turn, he pulled into the path of Plaintiff's vehicle causing Plaintiff to strike the rear side of Defendant's vehicle, thereby causing the accident in question to occur.  Defendant, Alexander Rodriquez failed to maintain a safe lookout when he turned left into Plaintiff's lane of travel, thereby causing the accident in question to occur.  Plaintiff alleges that he did nothing to contribute to the accident in question and is not guilty of any comparative fault in this case and it was the negligence of the Defendant, Alexander Rodriquez, and the operation of his motor vehicle, which was the direct and proximate cause of the accident in question and injuries sustained by the Plaintiff, Kadarius Bush.  Defendant, Alexander Rodriquez was operating a vehicle owned, registered, and maintained by the Defendant, AJ Transportation, LLC, with their consent, knowledge, and permission, on or about their business as their agent, servant, and employee and/or within the purview of the **Family Purpose Doctrine and or**

2

**Respondeat Superior.** Any negligence that the Defendant, Alexander Rodriquez, should be found guilty of should be imputed to the Defendant, AJ Transportation, LLC, under the theory of Respondeat superior.

**6.** Plaintiff alleges that the Defendant, Alexander Rodriquez was guilty of negligence in that the Defendant violated the following Common Law acts of negligence, to-wit:

  **a)** Failed to keep a proper lookout.

  **b)** Failed to maintain proper control of vehicle.

  **c)** Failed to exercise that degree of care and caution which an ordinary and prudent person would have exercised under the same or similar circumstances.

  **d)** Drove in a reckless manner without due regard for the safety of others lawfully upon the roadway.

  **e)** Failed to exercise proper caution while driving upon the roadway.

  **f)** Failed to sound his horn.

  **g)** Failing to yield while making a left turn.

  **h)** Negligently causing the accident to occur.

  **1)** Failed to maintain a safe lookout

**8.** Plaintiff alleges that the Defendant, Alexander Rodriquez, was guilty of negligence in that he violated the following Ordinances of the City of Memphis, Tennessee, which were in full force and effect at the time of the accident, to-wit:

> **Section 11-16-2.  DUTY TO DEVOTE FULL TIME AND ATTENTION TO OPERATING VEHICLE.** It shall be unlawful for a driver of a vehicle to fail to devote full time and attention

to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb, or property.

**Section 11-16-3. <u>DUTY TO DRIVE AT SAFE SPEED, MAINTAIN LOOKOUT, AND KEEP VEHICLE UNDER CONTROL.</u>** Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

l)   Operate his vehicle at a safe speed.
2)   Maintain a safe lookout.
3)   Use due care to keep his vehicle under control.

**Section 11-16-21. <u>GENERAL SPEED RESTRICTIONS.</u>**
It shall be unlawful for any person to drive a vehicle upon the streets of this city at a speed greater than thirty-five (35 miles per hour.

**Section 11-16-44. <u>RECKLESS DRIVING.</u>**
**(a)** Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

That the violation of the above Ordinances of the City of Memphis, Tennessee, constitutes negligence <u>per</u> <u>se.</u>

**9.** Plaintiff alleges that the Defendant, Alexander Rodriquez, was guilty of negligence in that the Defendant violated one, some or all of the below Statutes of the State of Tennessee, which were in full force and effect at the time of the collision, to-wit:

**T.C.A.55-8-136. <u>DRIVERS TO EXERCISE DUE CARE.</u>**
Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or confused or incapacitated person upon a roadway.

**T.C.A. <u>55-8-140.</u> TURNING** The driver of a vehicle intending to turn at an intersection shall do so as follows:

4

(1) RIGHT TURNS.  Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.

(2) LEFT TURNS ON TWO-WAY ROADWAYS.  At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.  Whenever practicable, the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

**(3) LEFT TURNS ON OTHER THAN TWO-WAY ROADWAYS.**  At any intersection where traffic is restricted to one (1) direction on one (1) or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection, the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered;

**T.C.A.  55-8-142. TURNING; PROCEDURE**

(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in § 55-8-140 or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety.  No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§ 55-8-143 and 55-8-144 in the event any other traffic may be affected by such movement.

(b) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

5

> **T. C. A. 55-10-205. <u>RECKLESS DRIVING</u>.**
> **(a)** Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

That the violation of the above Statutes of the State of Tennessee constitutes negligence <u>per se.</u>

**10.** Plaintiff alleges that as a direct and proximate result of the heretofore described negligent acts of the Defendant, Alexander Rodriquez the Plaintiff Kadarius Bush, sustained injuries, including, but not limited to.

a) Broken right leg.

b) Broken right hip.

c) Broken left wrist.

d) Muscle spasms.

e) Cervical sprain and strain.

f) Pain radiating all over his body.

g) Lumbar sprain and strain.

h) Thoracic sprain and strain.

i) Pain and suffering.

**11.** That as a direct and proximate result of the heretofore described negligent acts of the Defendant, Alexander Rodriquez, Plaintiff has incurred hospital, doctor, and medical bills in an effort to alleviate the pain and suffering Plaintiff has endured, and Plaintiff verily believes that future hospital, doctor, and medical bills will be incurred for treatment of Plaintiff's injuries.

12. Plaintiff alleges that as a direct and proximate result of the heretofore described negligent acts of the Defendant, Alexander Rodriquez Plaintiff has sustained a loss of income and/or earning capacity and verily believes that she will sustain said losses in the future.

13. Plaintiff further alleges that he has sustained great pain and suffering and sues for same.

14. Plaintiff further alleges that she sustained great pain and suffering and loss of enjoyment of life as a result of the injuries and sues for same.

15. Plaintiff was operating a 2008 Dodge Challenger, which damaged in the accident in question and sues for damages and loss of use of same.

WHEREFORE, Plaintiff, Kadarius Bush, sues the Defendant, Alexander Rodriquez and AJ Transportation, LLC, for personal injuries, pain and suffering, loss of income and earning capacity, property damage and loss of use, medical expenses, loss of enjoyment of life and sues said Defendant for FIVE HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($550,000.00) and demands a jury to try the issues when joined.

Respectfully Submitted,

_____
Louis P Chiozza, Jr.                #8871
230 Adams Avenue
Memphis, TN 38103
Lou@chiozzalaw.com
(901) 526-9494

7